John ALDRIDGE, Appellant,

v.

UNIVERSAL C. I. T. CREDIT CORPORATION, Appellee.

No. 5126.

Court of Civil Appeals of Texas.

El Paso.

March 28, 1956.

Rehearing Denied April 25, 1956.

Mike R. Mason, Odessa, for appellant.

William W. Blanton, Odessa, for appellee.

HAMILTON, Chief Justice.

This was a suit to remove a cloud on personal property, i. e., a Hudson automobile, and for damages. Appellant was plaintiff and appellee was defendant in the trial court. Plaintiff purchased a Hudson automobile and financed it through defendant corporation. Defendant retained the title certificate to the automobile to secure the debt owing it by plaintiff. Plaintiff paid defendant the entire amount owing to it for financing the automobile, and demanded that it deliver to him the title certificate. This demand was refused, and this suit resulted. Trial was to a jury, which in answers to special issues found (1) that plaintiff had fully paid the indebtedness due by him to defendant on March 1, 1950; (2) that defendant intentionally, and knowing that such indebtedness was fully paid, withheld the title certificate to the automobile from plaintiff; (3) that defendant wrongfully withheld the title certificate to the automobile from plaintiff on or about February 25, 1952; (4) that as a result of such withholding of the title certificate plaintiff suffered damages in the sum of $100 to the date of the trial, and (5) exemplary damages of $1,500. The court rendered judgment decreeing that title to the automobile was in plaintiff, free of the lien of defendant described on the title certificate, and fully discharged such lien, free of all other claims or encumbrances in favor of defendant. However, the judgment denied plaintiff any recovery for money damages, reciting that the court concluded that any recovery on the findings for money damages was barred by the two year statute of limitations.

No question is raised as to that portion of the judgment which adjudicates a clear title to the automobile to be in plaintiff—in other words, which quiets his title thereto. Appellant contends that the court erred in holding that recovery for money damages on the jury's findings was barred by the two year statute of limitations. It is our opinion that appellee's plea of the two year statute of limitations as a defense in bar of appellant's action for monetary damages is good.

It is contended by appellant that appellant's action for personal recovery against appellee for actual and exemplary damages was incidental to his action for quieting title, whereas it was actually a quite distinct action in every respect. An action for quieting title is an equitable action in rem. 34 Tex.Jur., p. 16. A suit for monetary damages based on wrongful conduct of defendant is a legal action in personam. The latter action is not necessary to effect the remedy sought by the former. However, the two can be properly joined in one suit. 34 Tex.Jur. 832. The joinder of the two actions would not take either action out of the statute of limitations which applied to it when taken separately. Gulf, C. & S. F. Ry. Co. v. Gordon, Tex. Civ.App., 218 S.W. 74.

Section 47 of Article 1436–1 of the Penal Code of the State of Texas relating to title certificates on motor vehicles provides as follows:

"When a lien is discharged, the holder thereof shall, on demand of the owner, execute and acknowledge before a Notary Public the discharge of the lien upon such form as may be prescribed by the department, * * *." etc.

It is uncontradicted that the lien on appellant's automobile had been discharged on February 27, 1950; that appellant in March thereafter made demand on appellee for release of said lien and return of the original copy of the title certificate. Upon such demand appellee refused to release the lien, and cause of action then arose in favor of appellant. No suit having been filed for damages as a result of appellee's wrongful failure to release said lien until February 25, 1954, the cause of action for such damages had become barred by the two year statute of limitation.

"'The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damages does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of the plaintiff.'" Linkenhoger v. American Fidelity & Casualty Co., 152 Tex. 534, 260 S.W.2d 884, 886.

The judgment of the trial court is affirmed.

McGILL, Justice (dissenting).

It was not contended in the trial court that the two year statute of limitations was a bar to that portion of the suit which sought to quiet plaintiff's title. The only contention is that the court erred in holding that this statute barred his action for damages. In the opinion of the writer the tort, or wrong, committed by defendant, was a continuing wrong. It continued from February 27, 1950, when plaintiff finished paying all the indebtedness due on the Hudson automobile and demanded title certificate therefor with release of the lien, until the filing of this suit on February 25, 1954, including February 25, 1952, as found by the jury, therefore all damages suffered by plaintiff by reason of such tort which accrued within two years from the date the suit was filed were not barred by the two year statute of limitations, and the trial court erred in holding that the statute was applicable to such damages. I therefore think that the judgment should be reversed and judgment here rendered for the $100 actual and $1,500 exemplary damages, as found by the jury.