Edwin ADLER et al., Appellants,

v.

CITY OF FARMERS BRANCH et al., Appellees.

No. 835.

Court of Civil Appeals of Texas, Tyler.

July 17, 1975.

Rehearing Denied Aug. 28, 1975.

K. Mark Pistorius, Dallas, for appellants.

Geary, Brice, Barron & Stahl, B. Kent Ford, Dallas, for appellee Warren Clark & Associates.

Doug McCallon, City Atty., for City of Farmers Branch.

Shank, Irwin, Conant, Williamson & Grevelle, Steven C. Metzger, Dallas, for appellee Harry Branham.

McKAY, Justice.

This is an action for damages and a permanent injunction alleging a nuisance. Appellants Adler and Moore are landowners in the City of Farmers Branch and brought this suit against appellees City of Farmers Branch and Warren Clark and Associates complaining that an unhealthy and unsightly condition exists caused by impeding the flow of water which resulted in stagnation in a drainage ditch which adjoins appellant's property. Appellees Branham and Dayton are also property owners in the city whose property adjoins the creek and were brought into the suit as involuntary plaintiffs and alleged to be necessary parties. The trial court granted summary judgments for Branham and Dayton. Appellees City of Farmers Branch and Warren Clark and Associates filed pleas in bar asserting that the acts complained of as creating a cause of action for nuisance occurred more than four years preceding plaintiff-appellants' filing of their original petition in December, 1973, and that the claim is therefore barred by the two-year statute of limitations as set forth in Art. 5526, V.A.T.C.S., or alternatively barred by the four-year statute, Art. 5529, V.A.T.C.S. The trial court thereafter granted orders of dismissal, based on a bar by limitations, for these appellees.

We affirm the judgment of the trial court.

Appellants reside in the Brookhaven addition to the City of Farmers Branch, an addition that was developed by Warren Clark and Associates in 1966. As part of the development, a 60-foot drainage and utility easement was created within a natural drainage creek with a deep pond being dredged by Warren Clark and Associates within the 60-foot easement. The area in dispute is located on the rear 30 feet of the lots of Moore, Adler, Branham and Dayton with Moore and Adler on one side of the pond and Branham and Dayton on the opposite side. After the creation in 1966 of the pond, Branham's lot, then owned by a prior landowner, because of underlying fault slippage, began to move towards the drainage creek and pond. In April, 1969, Clark and Associates, in an effort to stop the slippage, filled with rocks, dirt and fill debris, a portion of the 60-foot drainage easement, including most of the rear 30 feet of the Branham lot and parts of the rear 30 feet of the lots of Adler and Moore. As a result of the April, 1969 action, the faulting was halted, the depth of the pond was lessened and the width of the easement was reduced. No obstruction of the drainage function or flow of the creek was then created. Appellants, however, recognizing at that time that there had been an immediate trespass upon their property, consulted an attorney. However, no action was taken until this suit was filed in December, 1973, four and one half years after the fill, and at a time when the filled area had become so cluttered with debris, trees, weeds and other plant growth so as to cause stagnation.

Appellants bring three points of error, two of which complain of the dismissal of the cause of action against City of Farmers Branch and Warren Clark and Associates based on the statute of limitations, while the third alleges error in the summary judgment granted for Branham and Dayton.

Regarding the limitation points, appellants contend that the nuisance was not created in April, 1969, that they were not damaged by the fill at that time, but that "As time passed, the earth and rock fill settled, causing the floor of the drainage ditch to fill until weeds and other wild plants began to grow on the bottom of the ditch, resulting in a decrease of the water

flow to such an extent that the drainage ditch is now an unattractive eyesore, is dangerous to the residents in that it has become a breeding ground for insects, snakes and other household pests * * *." As a result of the gradual deterioration, appellants allege the condition did not become a nuisance until the summer of 1972.

Appellees assert that the cause of action occurred at the time of the wrongful act and consequently limitation began to run at that time and not at the time of the ascertainment of damages, if any, citing *Houston Water-Works Co. v. Kennedy,* 70 Tex. 233, 8 S.W. 36 (1888).

In the *Houston Water-Works* case, the Supreme Court announced two rules governing limitations in tort actions:

" * * * When an act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is held that the cause of action does not accrue until the injury is sustained * * *,"

and secondly that

" * * * If, however, the act of which the injury was the natural sequence was a legal injury,—by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right, —then, be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar."

The *Houston Water-Works* case has been followed and quoted by many cases. In *Linkenhoger v. American Fidelity and Casualty Company, Inc.,* 152 Tex. 534, 260 S.W.2d 884 (1953) the Supreme Court reaffirmed *Houston Water-Works* but went on to state that " * * * before the act becomes wrongful there must be an invasion of the rights of the plaintiff." Therefore, the test used in determining when limitations begins to run in an action in tort

is whether the act causing the damage does or does not itself constitute a legal injury, i. e., an injury giving rise to a cause of action because it is an invasion of some right of plaintiff. See also 51 Am.Jur.2d, Limitation of Actions, Sec. 135; 54 C.J.S. Limitations of Actions § 168; *Sims v. Southland Corp.,* 503 S.W.2d 660 (Tex.Civ.App.—Tyler, 1974, writ ref'd, n. r. e.).

Both appellants admit that they knew in April, 1969, that some of the fill invaded and trespassed upon their lots. Both appellants also admit in depositions that a nuisance was created and started contemporaneously with the filling in of the drainage area and that they in fact sought legal advice at the time to determine what could be done to halt the nuisance. As we view the situation, appellants' rights had been invaded by appellees, if at all, by the fill made in April, 1969, and appellants could have maintained this suit at that time, even though the damage, if any, at that time may have been slight. *Houston Water-Works v. Kennedy,* supra; *Baker v. City of Fort Worth,* 146 Tex. 600, 210 S.W.2d 564 (1948); *Metal Structures Corp. v. Plains Textiles, Inc.,* 470 S.W.2d 93, 98 (Tex.Civ.App.—Amarillo, 1971, writ ref'd, n. r. e.).

We therefore conclude that this suit, being filed four and one half years after the cause of action has occurred, is barred by either or both of Arts. 5526 and 5529, V.A.T.C.S. Appellants' points of error two and three are therefore overruled.

In point of error one appellants allege that the Court erred in granting a summary judgment in favor of appellees Branham and Moore. In the summary judgment the court concluded appellees Branham and Moore were not necessary parties to this suit and exercised its discretion in removing them from the suit. *Frazier v. Wynn,* 492 S.W.2d 54 (Tex.Civ.App.—Amarillo, 1973, writ ref'd, n. r. e.); *Sonnier v. Texas Emp. Ins. Ass'n,* 417 S.W.2d 433 (Tex.Civ.App.— Houston, 1967, no writ). In light of our foregoing decision that the cause of action

herein concerned is barred by limitations, we find it unnecessary and not material to our decision to determine the status of involuntary plaintiffs Branham and Moore.

Finding no reversible error, we affirm the judgment of the trial court.

Judgment affirmed.