**JIM WALTER HOMES, INC., Appellant,**

v.

**Richard P. SMITH et ux., Appellees.**

**No. 8358.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 20, 1979.

Rehearing Denied Jan. 10, 1980.

---

Gary R. Gurwitz, McAllen, for appellant.

Robert E. Hughes, Buna, for appellees.

DIES, Chief Justice.

Richard P. Smith and Rebecca E. Smith, as plaintiffs below, sued Jim Walter Homes, Inc., defendant below, for usury, condemned by *Tex.Rev.Civ.Stat.Ann. art.*

5069–1.02 (Vernon 1971) and for various violations of the Texas Consumer Credit Code—*Articles 5069–6.02(2); 5069–6.06* (Vernon 1971) (taking a first lien on the property and misnaming the agreement). The parties entered into a "Building Contract," July 17, 1973, whereby defendant would build a house for plaintiffs, partly payable on time, monthly. Defendant took a first lien on the property to secure the debt.

Trial was to the court without a jury, which entered judgment for plaintiffs against defendant for $21,840, plus attorney fees and interest, from which defendant brings this appeal.

On appeal, plaintiffs have abandoned their claim of usury. The facts were stipulated to and do confirm plaintiffs' contention of violation of the Texas Consumer Credit Code.[1]

The sole question for us to determine is whether plaintiffs' cause of action was barred by limitations on July 19, 1978, when they filed this lawsuit. At the time this contract was entered into *Tex.Rev.Civ.Stat. Ann. art. 5069–8.04* (Vernon 1971) (in part) provided:

> "All such actions . . . shall be brought . . . within four years from the date of loan, retail installment transaction or two years from the date of the final entry made thereon, whichever is later . . . .[2]

Obviously this action was not brought within four years from the date of the loan (July 17, 1973); so, we must decide if it was brought "two years from the date of the final entry made thereon."

Defendant contends no entry was made after its execution. Plaintiffs contend that since it was payable in 180 months, they would have seventeen years after date of execution to bring this action; that the

violation was continuing. We have found no authority on this precise point nor has any been cited to us.

In *McAdams v. Dallas Railway & Terminal Co.*, 149 Tex. 217, 229 S.W.2d 1012 (1950), the court said (229 S.W.2d at 1015):

> "The purpose of the limitation[s] of actions is to prevent the prosecution of stale claims."

In *Gautier v. Franklin*, 1 Tex. 732, 740 (1846), the court said:

> "Prescription, by which an end is put at some time to litigation, is founded upon the highest contributions of public policy. . . . Such laws should be regarded with favor by courts of justice. . . ."

The application of statutes of limitation is "not to be evaded by implied exceptions," *Southern Pac. Transport Co. v. State*, 380 S.W.2d 123, 128 (Tex.Civ.App.—Houston 1964, writ ref'd), quoting from *Continental Supply Co. v. Hutchings*, 267 S.W.2d 914, 915 (Tex.Civ.App.—Dallas 1945 (writ ref'd).

In *Alder v. City of Farmer's Branch*, 526 S.W.2d 238 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.), quoting from the oft cited case of *Houston Water Works Co. v. Kennedy*, 70 Tex. 233, 8 S.W. 36 (1888), it was held that limitation ran from the time defendant allowed rocks, dirt and other debris to encroach on plaintiffs' property even though plaintiffs contended "that they were not damaged by the fill at that time, but that '[a]s time passed, the earth and rock fill settled [causing the damages] . . . .'" (at 239). And, in *Luther Moving & Storage, Inc. v. Roberts*, 526 S.W.2d 557 (Tex. Civ.App.—El Paso 1975, no writ), the court held that in an action for conversion, limitation ran from the time of the wrongful taking, although defendant continued to refuse to relinquish plaintiff's property.

---

1. The stipulation also provided: "In connection with the transaction, Defendant [Jim Walter Homes, Inc., appellant] fulfilled its obligations set forth in Exhibits A, B, and C by constructing, in a good and workmanlike manner, the improvements called for therein."

2. Effective August 31, 1977, this section was amended to read:

> "Such actions may be brought within four years from the date of the loan or retail installment transaction or within two years from the date of the occurrence of the violation, whichever is later . . . ."

In *Aldridge v. Universal C. I. T. Credit Corp.*, 290 S.W.2d 398 (Tex.Civ.App.—El Paso 1956, writ ref'd n. r. e.), a lien on plaintiff's automobile had been discharged, and plaintiff made demand on defendant for release of lien and return of original title in March 1950. Plaintiff sued for wrongful damages for defendant's wrongful failure to release the lien in 1954, and the court held the action was barred by the two year statute of limitation. See *Mandola v. Oggero*, 508 S.W.2d 861 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ), holding payments on a check did not toll the statute of limitations. See also, *Chumchal v. Natural Gas Pipeline Co.*, 381 S.W.2d 690, 693 (Tex.Civ.App.—Corpus Christi 1964, no writ).

The Federal Consumer Credit Protection Act, *15 U.S.C.A.* § 1601 (1974), et seq., has this provision:

*Sect. 1640(e)* :

"Any action under this section may be brought in any United States district court . . . within one year from the date of the occurrence of the violation."

In construing this provision, *Fenton v. Citizens Savings Ass'n*, 400 F.Supp. 874, 880 (W.D.Mo.1975), had this to say:

"Acceptance of a continuing violation theory would permit an action to be brought at any time within one year after the last monthly installment payment was made. Applied to a 20 year installment loan for the purchase of real estate it would be possible to sue successfully approximately 21 years after the execution of the loan contract. Such an interpretation appears unreasonable, and not in accordance with the spirit and intendment of Congress as expressed in the language of subsection 1640(e). It is not to be presumed that Congress intended unreasonable interpretations of its jurisdictional one year time limitation period. . . . . [citing authorities]."

See also, *Basham v. Finance America Corp.*, 583 F.2d 918, 927 (7th Cir. 1978); *Goldman v. First National Bank*, 532 F.2d 10, 21 (7th Cir. 1976); *Stevens v. Rock Springs National Bank*, 497 F.2d 307 (10th Cir. 1974).

We agree with *Fenton, supra,* that the continuing violation theory is unreasonable and, in the instant case, would give plaintiffs seventeen years to bring their action. We are strengthened in this belief by the 1977 amendment by the Legislature, ftn. 2, supra.

We hold that the cause of action asserted by plaintiffs below, Richard P. Smith and Rebecca E. Smith, appellees herein, was barred by limitations at the time they instituted their suit, sustain appellant's first point of error, reverse the judgment of the trial court, and render judgment that appellees shall take nothing of and from appellant.

REVERSED and RENDERED.

