Rupert M. POLLARD, Appellant,

v.

David J. HANSCHEN, Appellee.

No. 05–09–00704–CV.

Court of Appeals of Texas,
Dallas.

June 8, 2010.

Rehearing Overruled July 27, 2010.

Rupert M. Pollard, Dallas TX, pro se.

Ruth Kollman, Kollman & Kubicki, L.L.P., Corpus Christi, TX, for Appellant.

Before Justices O'NEILL, FRANCIS, and MURPHY.

## OPINION

Opinion By Justice O'NEILL.

Appellant Rupert M. Pollard filed a legal malpractice suit against appellee David J. Hanschen. Appellee filed no-evidence and traditional motions for summary judgment asserting the affirmative defense of limitations. The trial court granted appellee's motions. We affirm in part and reverse and remand in part.

### Background

In the fall of 1999, appellant hired appellee to represent him in a divorce action. Appellant became unhappy with appellee's representation, which eventually led to a fee dispute. Appellee withdrew as counsel in August 2000. The divorce case was set for trial in September.

Appellant hired a new attorney, who on the eve of trial, negotiated what appellant thought was an accord and satisfaction of the fees in the amount of $5,500. Appellant agreed to sign over a cashier's check for $20,000 with the understanding that appellee would return $14,500. However, appellee retained an additional $3,400, which he refused to return.

Appellant filed his original petition against appellee alleging breach of fiduciary duties, conversion, restitution and money had and received, fraud, professional negligence, and breach of contract. Appellee originally filed a no-evidence motion for partial summary judgment asserting all of

appellant's claims were barred by limitations. Appellant filed a response and objections asserting appellee could not assert the affirmative defense of limitations through a no-evidence motion for summary judgment and even if construed as a traditional summary judgment motion, appellee still failed to conclusively establish as a matter of law when the causes of action accrued or disprove that the claims were tolled during the divorce proceedings.

Appellee later filed a traditional motion for summary judgment, incorporating his previous no-evidence motion, arguing appellant's claims were time-barred. He further asserted the *Hughes* tolling doctrine did not apply because the August 18, 2003 reversal and remand by this Court of the underlying September 2000 divorce proceeding "severed any 'chain of causation' for Hanschen's conduct before the first trial." Appellant filed a response asserting all his claims arose out of a long-running piece of litigation (the divorce proceedings); therefore, the statutes of limitations were tolled on all of his claims.

The trial court held a hearing on January 23, 2009. The court signed an order granting appellee's no-evidence and traditional motions for summary judgment on February 17, 2009. Appellant filed a motion for new trial, which the trial court denied. This appeal followed.

Pollard raises nine separate issues, which fall into two categories: challenges to the no-evidence motion and the traditional motion for summary judgment based on the affirmative defense of limitations. We will address these issues accordingly.

### Standards of Review

The standard of review in traditional summary judgment cases is well-established. The issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Thomas v. Omar Inv., Inc.,* 129 S.W.3d 290, 292–93 (Tex. App.-Dallas 2004, no pet.). A defendant is entitled to summary judgment if he conclusively negates an essential element of the plaintiff's case or conclusively establishes all necessary elements of an affirmative defense. *Thomas,* 129 S.W.3d at 293.

A no-evidence summary judgment is essentially a pretrial directed verdict. *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997). After an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of his claim. *See* TEX R. CIV. P. 166a(i); *Thomas,* 129 S.W.3d at 293. The moving party must file a motion that specifies which elements of the nonmoving party's claim lack supporting evidence. TEX.R. CIV. P. 166a(i). Once a proper motion is filed, the burden shifts to the nonmoving party to present evidence raising any issues of material fact. *Murray v. Ford Motor Co.,* 97 S.W.3d 888, 890–91 (Tex.App.-Dallas 2003, no pet.). A party should not move for a no-evidence summary judgment based on an affirmative defense that he has the burden to prove at trial. *Thomas,* 129 S.W.3d at 293; *see also Nowak v. DAS Inv. Corp.,* 110 S.W.3d 677, 680 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

### The *Hughes* Doctrine

Central to this appeal is whether the *Hughes* doctrine applies. In *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154, 155 (Tex.1991), the Texas Supreme Court determined "the proper application of the statute of limitations in a legal malpractice case when the attorney allegedly commits

malpractice while providing legal services in the prosecution or defense of the claim which results in litigation." The court concluded the statute of limitations is tolled until all appeals are exhausted on the underlying suit in which the malpractice allegedly occurred. *Id.* It further supported its conclusion by stating the viability of the second action depends on the outcome of the first. *Id.* at 157. Where "a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Id.* (citing *Walker v. Hanes*, 570 S.W.2d 534, 540 (Tex.Civ.App.-Corpus Christi 1978, writ ref'd n.r.e.)). Application of this doctrine will be further discussed below.

### No–Evidence Motion for Summary Judgment

Appellee filed a no-evidence motion for summary judgment arguing the statute of limitations barred appellant's seven causes of action. Appellant argues a no-evidence motion for summary judgment is an inappropriate procedural vehicle for adjudicating the limitations issue. We agree.

■ A party may not file a no-evidence summary judgment motion on an affirmative defense he has the burden to prove at trial. *Nowak*, 110 S.W.3d at 680 (party need not respond to such a motion because the motion should not have been filed at all); *see also Burges v. Mosley*, 304 S.W.3d 623, 628 (Tex.App.-Tyler 2010, no pet.); *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 876 (Tex. App.-Dallas 2005, no pet.). Appellee filed the motion on his own "claim," the affirmative defense of limitations. As a result,

the motion failed to state that appellant could show no evidence of a specific element of his causes of action, which is required under rule 166a(i). Tex.R. Civ. P. 166a(i).

■ A defendant urging summary judgment on an affirmative defense is in the same position as a plaintiff urging summary judgment on a claim. *Nowak*, 110 S.W.3d at 680. The party asserting the defense has the burden of pleading and proving it. Tex.R. Civ. P. 94. Appellee seems to recognize this by stating "in a motion for summary judgment based on a statute of limitations, the burden is on the movant to establish as a matter of law that the applicable statute of limitations bars the action." However, he has confused the traditional summary judgment standard with the no-evidence standard. Because a party may never properly move for a no-evidence summary judgment to prevail on his own affirmative defense, the trial court erred in granting appellee's no-evidence motion for summary judgment. Thus, we sustain appellant's ninth issues. Having sustained his ninth issue, we need not determine whether appellant presented competent summary judgment evidence sufficient to raise a fact issue to overcome the no-evidence motion for summary judgment.

### Traditional Motion for Summary Judgment

Despite the court improperly granting the no-evidence motion for summary judgment, appellee later filed a traditional motion for summary judgment incorporating his arguments from the previous motion and again arguing all of appellant's causes of action are barred by limitations.[1]

1. Appellant contends because the trial court improperly granted the no-evidence motion for summary judgment, appellee has waived

all of his claims regarding the cashier's check because he did not argue these claims in his traditional motion for summary judgment.

Appellee correctly categorizes appellant's claims into two groups: (1) a cashier's check transaction following termination of the attorney-client relationship between the two parties and (2) appellee's legal malpractice in handling the divorce case. Although both parties discuss numerous dates in support of their limitations arguments throughout their motions, responses, and replies, we will focus only on those dates specifically relied on by appellee in his motions for summary judgment.[2] *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993) (holding motion for summary judgment must itself expressly present the grounds upon which it is made and "the motion must stand or fall on the grounds expressly presented in the motion").

Appellant provides three relevant dates for purposes of his limitations defense: September 11, 2000, which is the trial date for the divorce case and date by which appellee had withdrawn as counsel; "on the eve of trial," which is the date appellant asserted in his original petition was the date of an agreement between the parties regarding payment of outstanding fees by a cashier's check transaction; and March 26, 2004, the date the Texas Supreme Court denied a motion for rehearing for petition of review by appellant's ex-wife regarding this Court's reversal of the underlying divorce case.

The first two dates are relevant for the claims involving the cashier check transaction, and we will address them first. Appellee contends the claims for restitution and unjust enrichment, conversion, money had and received, breach of contract, and fraud did not at any time depend on the outcome of the underlying litigation; therefore, the *Hughes* doctrine does not apply. Appellant argues because all of his claims against appellee arose out of appellee's conduct in the divorce case, limitations on all of his claims were tolled until the divorce case concluded. We agree with appellee.

■ Appellant's claims involving the cashier's check transaction did not occur in the prosecution or defense of a claim that resulted in the litigation. His underlying malpractice claim stems from appellee's actions in the divorce case. None of the claims for recovery of the alleged $3,400 are dependent on the outcome of the divorce proceedings. Thus, the rationale for the *Hughes* tolling doctrine does not apply to those causes of action.

Appellant relies on *Davenport v. Verner & Brumley, P.C*, 05–98–01240–CV, 2001 WL 969249 (Tex.App.-Dallas 2001, no pet.) (op. on rehearing) to support his argument that the *Hughes* doctrine applies to these causes of action. In that case, this Court concluded the trial court erred in granting summary judgment and dismissing claims for negligence, breach of fiduciary duty,

---

We do not agree. As noted, appellee fully incorporated his arguments from the no-evidence motion for summary judgment into his traditional motion for summary judgment. Therefore, these claims were before the trial court to consider, and we will likewise consider them.

**2.** In his reply to plaintiff's response and objections to rule 166a(c) motion for summary judgment, appellee argues any tolling of limitations came to an abrupt end on either (1) the issuance of this Court's mandate in the underlying divorce case on May 25, 2004 or (2) on the death of appellant's ex-wife in October 2004. Appellee did not provide these dates as a basis for his arguments in his motions for summary judgment; therefore, we do not consider them in our analysis of whether the trial court properly granted the motions. *See McConnell*, 858 S.W.2d at 340 (noting a brief in support is not a motion, answer, or response as contemplated by rule 166a, and the motion must expressly present the grounds upon which it relies).

breach of implied warranty, and fraud based on limitations. *Id.* at *1. The court held the *Hughes* doctrine applied to toll the limitations on the claims until the underlying appeal became final. *Id.* at *2.

*Davenport* is distinguishable and therefore does not support appellant's broad argument that any and all claims are tolled under the *Hughes* doctrine when a party files a legal malpractice claim. The causes of action raised in *Davenport* were directly related to the legal malpractice, which was tied to the underlying divorce proceeding. The court applied the doctrine because to hold otherwise would "force the client into adopting inherently inconsistent litigation postures in the underlying case and the malpractice case." *Hughes*, 821 S.W.2d at 156. Limitations should be tolled for the second cause of action when the viability of the second cause of action depends on the outcome of the first. *Id.* at 157. As previously stated, that is not the case with the causes of action related to the cashier's check. Thus, we do not find appellant's reliance on *Davenport* persuasive.

■■■ Because the *Hughes* doctrine does not apply, we must now consider the statute of limitations for each cause of action and determine if appellant's original petition was timely filed. A two-year statute of limitations applies to conversion and restitution claims. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp.2009); *Elledge v. Friberg–Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex.2007). Likewise, a claim for money had and received is equitable in nature and "belongs

conceptually to the doctrine of unjust enrichment." *Edwards v. Mid–Continent Office Distrib., L.P.*, 252 S.W.3d 833, 837 (Tex. App.-Dallas 2008, pet. denied). As such, the two-year statute of limitations applies. *See Elledge*, 240 S.W.3d at 870 (holding unjust enrichment claims fall under section 16.003).

Appellant admits in his original petition the parties reached an agreement regarding outstanding legal fees and exchanged a cashier's check to cover the fees "on the eve of trial." The divorce case went to trial on September 11, 2000. Thus, appellant had until September 2002 to file his conversion, restitution, and money had and received claims against appellee. Because he filed his original petition on October 9, 2006, his claims are barred by limitations.

A four-year statute of limitations applies to fraud, breach of contract, and breach of fiduciary duty claims. TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(4), (5) (Vernon 2002). Appellant, therefore, needed to file his suit before September 2004, which he failed to do. Again, his claims are barred by limitations. Thus, the trial court did not err in granting appellee's traditional motion for summary judgment on appellant's claims for conversion, restitution, fraud, money had and received, breach of contract, and breach of fiduciary duty to the extent his arguments encompass events surrounding the cashier's check transaction.[3] We overrule appellant's fifth issue.

---

**3.** Appellant further raises a breach of fiduciary duty claim against appellee for his alleged legal malpractice, which will be discussed later. We also recognize that appellant pleaded in his original petition that appellee breached an oral contract to competently and zealously represent him in the divorce proceeding. However, the only breach of contract claim a party may bring against an

attorney that does not actually fall under malpractice is a claim for excessive fees. *See Jampole v. Matthews*, 857 S.W.2d 57, 62 (Tex. App.-Houston [1st Dist.] 1993, writ denied). Thus, appellant's breach of contract claim for fees involving the cashier's check transaction needed to be filed within four years of September 2000. TEX. CIV PRAC & REM.CODE ANN. § 16.004.

We now turn to appellant's remaining claims for professional negligence and breach of fiduciary duty. Appellee argues the *Hughes* doctrine tolled the statute of limitations only until all appeals of the underlying claim were exhausted. *See Hughes*, 821 S.W.2d at 156. Therefore, the date of the last appellate ruling from the underlying divorce proceeding was March 26, 2004, the date the Texas Supreme Court denied the motion for rehearing. Thus, because professional negligence has a two-year statute of limitations, appellant had to file his petition by March 26, 2006. *See Parsons v. Turley*, 109 S.W.3d 804, 807–08 (Tex. App.-Dallas 2003, pet. denied). He further alleges the remand by this Court for a new trial in the divorce case "severed any chain of causation" for his conduct. We do not agree.

■ The *Hughes* doctrine provides a bright-line rule regarding the tolling of limitations. It does not provide an exception in cases such as this, in which litigation in some form has been ongoing since 1992. Here, when the supreme court denied the ex-wife's petition for review, our reversal and remand for a new divorce trial was upheld; therefore, litigation was still ongoing for tolling purposes. The reversal and remand did not start a new divorce case. Presently, another appeal involving the dismissal for want of prosecution of the underlying divorce after our original remand is still pending before this Court. *See In the Matter of the Marriage of Marie A. Merkel and Rupert M. Pollard*, Cause No. 05–08–01615–CV, submitted April 28, 2010. Thus, the *Hughes* doctrine continues to apply for tolling purposes until all appeals in the underlying divorce case are exhausted.

■ Appellee has failed to establish as a matter of law that appellant's professional negligence and breach of fiduciary duty claims are barred by limitations.[4] We sustain appellant's issues one, three[5], seven, and eight. Having sustained these issues, we need not consider issues four and six.[6]

## Conclusion

Having addressed appellant's nine issues, we affirm the trial court's granting of the traditional motion for summary judgment to the extent it involves the cashier's check transaction claims.

We reverse the trial court's granting of the no-evidence motion for summary judgment. We further reverse and remand to the trial court the claims involving appellant's professional malpractice and breach

---

**4.** We acknowledge claims regarding the quality of a lawyer's representation of a client are professional negligence claims, but that not all claims by clients against lawyers are professional negligence claims. *Murphy v. Gruber*, 241 S.W.3d 689, 696–97 (Tex.App.-Dallas 2007, pet. denied). We are not bound by the labels parties place on their claims, but rather determine what statute of limitations applies based on the real substance of the claims. *Id.* at 697. However, under these facts, we need not determine whether appellant has "fractured" his claims for purposes of our analysis because the *Hughes* tolling doctrine applies regardless.

**5.** This issue is presented as "the trial court erred in granting Hanschen's traditional motion for summary judgment . . . as to all claims." To avoid any confusion, we reiterate our holding does not include causes of action regarding the cashier's check transaction. Thus, to the extent issue three encompasses those causes of action, it is overruled.

**6.** Issue four concerned whether appellant provided competent summary judgment evidence to raise a material fact question as to one element of appellee's affirmative defense. Issue six involved whether appellant timely filed suit within two years of the trial court dismissing the underlying divorce case on February 23, 2005 for want of prosecution.

of fiduciary duty related to the malpractice claims.