

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00308-CV

**MAI THI TRAN,**

                                                            **Appellant**

**v.**

**ANDY LUU,**

                                                            **Appellee**

**From the 82nd District Court
Robertson County, Texas
Trial Court No. 12-06-19,092-CV**

## MEMORANDUM OPINION

In four issues, appellant, Mai Thi Tran, challenges the trial court's granting of summary judgments in favor of appellee, Andy Luu, and the trial court's denial of her motion for new trial. We affirm.

### I. BACKGROUND

On or about April 18, 2006, Luu sold to Tran approximately 47.98 acres of land situated in Robertson County, Texas for $143,940.[1] The transaction was finalized on

---

[1] Tran made a down payment of $43,940 and financed the remaining $100,000 balance with Luu.

April 18, 2006, with a "Warranty Deed with Vendor's Lien" conveying legal and equitable title to the property to Tran at that time. In addition, Tran signed a "Real Estate Lien Note" naming Luu as the payee. The note provided that Tran would pay Luu monthly installments of $1,213.28 from May 18, 2006 to April 18, 2016, "when all remaining principal and accrued interest will be due and payable." The note further provided that the underlying transaction was secured by both a vendor's lien retained in the warranty deed and by a deed of trust.

As indicated in the "Land Sale Contract" that was translated from Vietnamese to English, prior to closing, the parties entered into an agreement for the construction of a mutual road between land owned by Luu and the land purchased by Tran. In an affidavit, Luu averred that:

> [I]n the summer of 2007[,] I rented some equipment from Equipment Depot and undertook to build the road between our two tracts. In the process of doing so, several holes were dug during the summer of 2007 on the 47.98 acres. Mai Thi Tran witnessed the digging of the holes at that time in 2007.

Luu further noted that "[n]o additional dirt was removed from property owned by Mai Thi Tran either by myself or anyone at my direction after 2007."

Tran also executed an affidavit, wherein she explained that:

> Sometime in 2010, I visited the property which is the subject of this lawsuit, my property in Robertson County to inspect it, with a friend.
>
> I wanted to inspect it, because I do not live there, and had not visited the property since 2007.
>
> When we arrived, I saw the large holes that had been dug in my property by Mr. Luu. I could not tell whether there were more holes, or whether they were larger than the one that I had seen him digging in 2007.

However, I did see a lot of trash had been dumped into the holes, which was not there in 2007.

On June 11, 2012, Tran filed her original petition, alleging causes of action for trespass, negligence, and nuisance. Luu responded by filing an original answer denying the allegations made by Tran and asserting the affirmative defenses of statute of limitations and laches. In addition, Luu filed traditional and no-evidence motions for summary judgment, arguing, among other things, that the applicable statute of limitations bars each of the causes of action that Tran asserted in her original petition.

On November 2, 2012, Tran amended her original petition to include claims for rescission and restitution. In response to Tran's amended petition, Luu filed another traditional motion for summary judgment, arguing that Tran's claims for rescission and restitution were also barred by the applicable statute of limitations. Thereafter, on February 22, 2013, Tran amended her petition a second time to assert a claim for imposition of a constructive trust and claims for rescission and restitution; she did not reassert her claims for trespass, negligence, and nuisance. With respect to Tran's second amended petition, Luu filed another traditional motion for summary judgment, contending, among other things, that Tran's claim for the imposition of a constructive trust was also time-barred. Tran filed responses to all of Luu's summary-judgment motions.

The trial court conducted three separate hearings on Luu's summary-judgment motions. At the conclusion of the hearings, the trial court granted summary judgment in favor of Luu on the ground that all of Tran's causes of action were barred by

limitations.  Later, Tran filed a motion for new trial, which was denied by the trial court. This appeal followed.

## II.  SUMMARY JUDGMENT

In her first three issues, Tran asserts that the trial court erred in granting summary judgment in favor of Luu based upon Luu's affirmative defense of statute of limitations.   With regard to her constructive-trust claim, Tran argues that the "established rule is that only the Statutes of Limitation concerning Titles to Real Property apply to actions to impose such constructive trusts . . . ."  Tran further argues that her rescission and restitution claims are not time-barred because equity weighs in her favor, and because the underlying contract was an executory contract for which the statute of limitations has not yet begun to run.  And finally, Tran contends that her causes of action for trespass, nuisance, and negligence are not time-barred because the record contains evidence that trash was deposited in and around the excavation holes less than two years before Tran filed her lawsuit.

### A.    Standard of Review and Applicable Law

We review a trial court's decision to grant or deny a summary judgment de novo.  *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  Our review is limited to consideration of the evidence presented to the trial court.  *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Mathis v. Restoration Builders, Inc.*, 231 S.W.3d 47, 52 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  To prevail on a traditional motion for summary judgment, the movant must show

that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). A defendant moving for summary judgment must either: (1) disprove at least one element of the plaintiff's cause of action; or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). The movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986); *see also Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001) (noting that a defendant moving for summary judgment on a statute of limitations affirmative defense must prove conclusively all elements of that defense). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

If the movant meets its burden, the burden then shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Dorsett*, 164 S.W.3d at 661.

## B.     Tran's Claims for Trespass, Nuisance, and Negligence

An amended petition adds to or withdraws from that which was previously pleaded to correct or to plead new matters and completely replaces and supersedes the previous pleading. *See* TEX. R. CIV. P. 62; *J.M. Huber Corp. v. Santa Fe Energy Res., Inc.*, 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("An amended petition also supersedes all prior petitions and operates to dismiss parties and causes of action to the extent they are omitted from the amended pleading."); *see also Kinney v. Palmer*, No. 04-07-00091-CV, 2008 Tex. App. LEXIS 4632, at *5 (Tex. App.—San Antonio June 25, 2008, no pet.) (mem. op.). Once a pleading is amended and filed, all prior petitions are superseded, and the previous pleading "shall no longer be regarded as a part of the pleading in the record of the cause." TEX. R. CIV. P. 65; *see Bennett v. Wood County*, 200 S.W.3d 239, 241 (Tex. App.—Tyler 2006, no pet.); *Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.*, 127 S.W.3d 235, 238 n.2 (Tex. App.—Waco 2010, pet. denied); *see also Kinney*, 2008 Tex. App. LEXIS 4632, at *6. "Thus, an amended petition which omits causes of action previously alleged serves to dismiss these claims from the amended pleading." *Kinney*, 2008 Tex. App. LEXIS 4632, at *6 (citing *J.M. Huber Corp.*, 871 S.W.2d at 844; *Radelow-Gittens Real Prop. Mgmt. v. Pamex Foods*, 735 S.W.2d 558, 559-60 (Tex. App.—Dallas 1987, writ ref'd n.r.e.)); *see Randolph v. Jackson Walker L.L.P.*, 29 S.W.3d 271, 274-75 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (holding that a viable complaint on appeal is lost when, following an allegedly erroneous ruling by the trial

court on a claim, the plaintiff files an amended pleading abandoning the claim upon which the trial court ruled).

As noted above, Tran did not reassert her claims for trespass, nuisance, and negligence in her live pleading—her second-amended petition. Therefore, by amending her pleading and eliminating her trespass, negligence, and nuisance claims, Tran effectively abandoned her trespass, negligence, and nuisance claims and, thus, waived any error concerning the trial court's action in granting summary judgment as to these claims. *See* TEX. R. CIV. P. 65; *Rodarte v. Investco Group, L.L.C.*, 299 S.W.3d 400, 408 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("Victor is correct that his act of omitting these claims from his first amended petition effectively nonsuited the claims." (citing *J.M. Huber Corp.*, 871 S.W.2d at 844)); *Akin v. Santa Clara Land Co., Ltd.*, 34 S.W.3d 334, 339 (Tex. App.—San Antonio 2000, pet. denied) ("By amending her pleading and eliminating the DTPA and negligence references, Akin abandoned those claims."); *Randolph*, 29 S.W.3d at 274-75; *see also Kinney*, 2008 Tex. App. LEXIS 4632, at **6-7.

## C.    **Tran's Claims for Rescission and Restitution**

Tran also argues that her claims for rescission and restitution are not time-barred because the contract sued upon has not fully matured and, thus, is an executory contract for which the statute of limitations has not yet begun to run. Tran also contends that equity dictates that the statute of limitations should not be applied in this case. We disagree.

A four-year limitations period applies to actions for rescission. TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008) ("Every action for which there is no express

limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues."); *see Precision Sheet Metal Mfg. Co. v. Yates*, 794 S.W.2d 545, 550 (Tex. App.—Dallas 1990, writ denied) (providing that suits for rescission are governed by the four-year statute of limitations provided by section 16.051 of the Texas Civil Practice and Remedies Code). On the other hand, we recognize that the Dallas Court of Appeals has recently stated that the two-year limitations period prescribed in section 16.003 of the Texas Civil Practice and Remedies Code applies to claims for restitution. *See Pollard v. Hanschen*, 315 S.W.3d 636, 641 (Tex. App.—Dallas 2010, no pet.) ("A two-year statute of limitations applies to conversion and restitution claims." (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a))).

Here, Tran asserted her claims for rescission and restitution in her first amended petition, which was filed on November 2, 2012. The record reflects that Tran purchased the property in question from Luu on or about April 18, 2006, more than six years prior to the filing of her original or amended claims. Therefore, regardless of whether a two-year or a four-year limitations period applies to Tran's rescission and restitution claims, neither claim was timely asserted.

In any event, Tran contends that the limitations period should be ignored in the interest of equity or, in other words, because she is an immigrant who speaks little English and is unfamiliar with real-estate law. The Texas Supreme Court has noted that:

> Statutes of limitation operate to prevent the litigation of stale claims; they "afford plaintiffs what the legislature deems a reasonable time to present their claims and protect defendants and the courts from having to deal with cases in which the search of truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise. The purpose of a statute of limitations is to establish a point of repose . . . ."

*S.V. v. R.V.*, 933 S.W.2d 1, 3 (Tex. 1996) (quoting *Murray*, 800 S.W.2d at 828). Limitations periods for filing suit apply to all persons, regardless of nationality, language, or specialized knowledge of the law. Indeed, Tran has not cited any relevant authority in support of her equity argument in this case. Accordingly, we are not persuaded by Tran's equity argument.

Tran also asserts that the underlying contract between her and Luu constituted an executory contract for which the statute of limitations has not yet run. Tran premises this argument on the fact that she will make installment payments for the property until April 18, 2016. According to Tran, only when the final installment payment is made will the contract be considered fully executed.

A contract for deed is a form of real-property conveyance in which the purchaser obtains an immediate right to possession, but the seller retains legal title and has no obligation to transfer it unless and until the purchaser finishes paying the full purchase price (and, often, interest, fees, or other related obligations), which is typically done in installments over several years. *See Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005) ("[E]xecutory contracts [are] also known as contracts for deed. A contract for deed, unlike a mortgage, allows the seller to retain title to the property until the purchaser has paid for the property in full."); *Reeder v. Curry*, 294 S.W.3d 851, 856

(Tex. App.—Dallas 2009, pet. denied) ("In an executory contract for the sale of land, such as the contract for deed in this case, the superior title remains with the seller until the purchaser fulfills its part of the contract" and "[i]f the purchaser defaults under the contract, the seller is entitled to possession of the property."); *Ward v. Malone*, 115 S.W.3d 267, 270-71 (Tex. App.—Corpus Christi 2003, pet. denied) (stating that a "contract for deed is an agreement by a seller to deliver a deed to property once certain conditions have been met and that it entitled the buyer to immediate possession, that the seller retains title until the purchase price is fully paid, and that the price is typically paid in installments over several years). A contract for deed differs from a conventional contract for sale of realty, in which the seller and purchaser mutually agree to complete payment and title transfer on a date certain (the "closing date"). *See Flores*, 185 S.W.3d at 429. Unlike a contract for deed, under which the buyer has an equitable right, but not obligation, to complete the purchase, *Gaona v. Gonzales*, 997 S.W.2d 784, 786-87 (Tex. App.—Austin 1999, no pet.), the buyer under a typical real-estate contract is contractually obligated to complete the purchase and may be liable for breach upon failure to pay the seller. *Carroll v. Wied*, 572 S.W.2d 93, 95 (Tex. Civ. App.—Corpus Christi 1978, no writ) ("In a contract of sale, one party is obligated to sell and the other to purchase.").

Based on the foregoing case law and the facts in this case, we disagree with Tran's assertion that the underlying contract is an executory contract. Specifically, the record reflects that Luu signed and conveyed a warranty deed on the day of closing with no vestige of title to the property, even though Tran is still making payments on

the note.  *See, e.g., Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex. 2004) ("Since 1995, the Texas Property Code has required that sellers by executory contract (or 'contract for deed') of certain residential property in Texas must record and transfer a deed within thirty days of final payment.").  Indeed, there is no evidence in the record demonstrating that Luu withheld transfer of title or refused to sign the deed subject to Tran completing all installment payments associated with the purchase of the property.

We do not believe that the mere fact that Tran is required to make monthly installment payments through April 19, 2016 somehow extends the limitations period in this case.  *See, e.g., Jim Walter Homes, Inc. v. Smith*, 592 S.W.2d 670, 671 (Tex. App.—Beaumont 1979, writ ref'd n.r.e.) (rejecting plaintiffs' contention that because the building contract "was payable in 180 months, they would have seventeen years after date of execution to bring this action; that the violation was continuing").  "A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorizes a claimant to seek a judicial remedy."  *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998).  In other words, limitations occur when the purported wrongful fact occurs resulting in some damage to the plaintiff.  *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990); *Krohn v. Marcus Cable Assocs, L.P.*, 201 S.W.3d 879, 879 (Tex. App.—Waco 2006, pet. denied).  Here, Tran did not file suit until more than six years after the underlying contract was signed and delivered.  Accordingly, we conclude that the Tran's rescission and restitution claims were untimely.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.003(a), 16.051; *see also Pollard*, 315 S.W.3d at 641; *Yates*, 794 S.W.2d at 550.  And as

such, we cannot say that the trial court erred in granting summary judgment in favor of Luu on limitations grounds as to Tran's rescission and restitution claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.003(a), 16.051; *see also Shah*, 67 S.W.3d at 842; *Jones*, 710 S.W.2d at 60; *Pollard*, 315 S.W.3d at 641; *Yates*, 794 S.W.2d at 550.

D.      **Tran's Claims for the Imposition of a Constructive Trust**

And finally, Tran complains that the trial court erred in concluding that her claim for the imposition of a constructive trust is time-barred.  In her second amended petition, which was filed on February 22, 2013, Tran requested that the trial court impose a constructive trust in her favor, "upon and over the parcel of real estate owned by LUU, at least to the extent of the soil from her own parcel which was removed and used to improve such parcel, [u]njustly enriching LUU thereby."

"In case of a constructive trust, which is born of fraud, and which presupposes from its beginning an adverse claim of right on the part of the trustee by implication, the statute will commence to run from the period at which the cestui que trust could have indicated his right by action or otherwise." *Collins v. Griffith*, 125 S.W.2d 419, 425-26 (Tex. Civ. App.—Amarillo 1938, writ ref'd).  In other words, a cause of action for a constructive trust arises whenever the alleged wronged person learns, or should have learned, of the action giving rise to the claim for a constructive trust had he or she used reasonable diligence. *See id.*

> Earth or sand in its original bed is part of realty and as such cannot be a subject of conversion; but where it has been wrongfully severed and removed, it becomes personalty for the conversion of which an action will lie.  These materials continue to be the property of the landowner after they are removed from their bed or place in the soil.

*Dahlstrom Corp. v. Martin*, 582 S.W.2d 159, 161 (Tex. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Section 16.003(a) of the Texas Civil Practice and Remedies Code provides that "a person must bring suit for . . . taking or detaining the personal property of another . . . not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *but see Carr v. Weiss*, 984 S.W.2d 753, 762 (Tex. App.—Amarillo 1999, pet. denied) (applying the four-year limitations period prescribed in section 16.051 to a case involving an alleged oral agreement for the purchase and joint ownership of an apartment complex). As stated earlier, Tran admitted seeing Luu dig the holes and remove the dirt no later than 2007 or 2008. However, she did not assert this claim within two or four years of 2007 or 2008. Accordingly, we conclude that Tran's claim for the imposition of a constructive trust is also time-barred. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.003(a), 16.051; *Carr*, 984 S.W.2d at 762; *Collins*, 125 S.W.2d at 425-26.

In any event, Tran attempts to argue that the two-year limitations period of section 16.003(a) does not apply in this case; however, she does not cite relevant authority regarding the limitations period to be applied to this claim. Therefore, applying either the two-year or the four-year limitations period, we cannot conclude that the trial court erred in granting summary judgment in favor of Luu on the ground of limitations as to Tran's constructive-trust claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.003(a), 16.051; *Carr*, 984 S.W.2d at 762; *Collins*, 125 S.W.2d at 425-26; *see also*

*Shah*, 67 S.W.3d at 842; *Jones*, 710 S.W.2d at 60. Based on the foregoing, we overrule Tran's first three issues.

## III. MOTION FOR NEW TRIAL

In her fourth issue, Tran complains about the trial court's denial of her motion for new trial. This issue appears to be premised on a finding that the trial court erred in granting summary judgment in favor of Luu as to all of Tran's causes of actions.[2] Accordingly, because we have concluded that the trial court properly granted summary judgment in favor of Luu as to all of Tran's causes of action, we overrule Tran's fourth issue.

## IV. CONCLUSION

Having overruled all of Tran's issues on appeal, we affirm the judgments of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed April 10, 2014
[CV06]

---

[2] Though mentioned in her issues presented, Tran does not provide a separate section addressing the trial court's denial of her motion for new trial. Instead, after arguing that the trial court erred in granting summary judgment based on limitations, she merely mentions the following in her summary of the argument: "For all of these reasons, the Court erred in failing to grant Appellant's Motion for New Trial." Given this statement, we surmise that Tran's fourth issue is premised on a finding that the trial court erred in granting Luu's summary-judgment motions—a contention that we rejected earlier in this memorandum opinion. However, to the extent that Tran's fourth issue is not premised on such a finding, we conclude that the issue has been inadequately briefed. *See* TEX. R. APP. P. 38.1(i).