**REVERSE and REMAND; and Opinion Filed May 7, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-11-01597-CV**

**CHARLES J. WUNDERLICK, Appellant**

**V.**

**MARTHA JANE WILSON, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02410-2010**

## OPINION

Before Justices Moseley, O'Neill, and Lewis

Opinion by Justice Lewis

Appellant Charles J. Wunderlick appeals from the trial court's order granting the motion for summary judgment filed by appellee Martha Jane Wilson. In four issues, Wunderlick asserts the trial court erred in granting Wilson's motion. Wunderlick contends the summary judgment evidence failed to conclusively establish that his compensation was not substantially reduced without good cause and the trial court should have interpreted "good cause" in the employment context. For the reasons that follow, we reverse and remand to the trial court for further proceedings.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 1990, Wunderlick and Wilson entered into a marriage settlement agreement (the agreement) to settle their interests and obligations in all marital property as part of their divorce. The agreement obligated Wunderlick to pay Wilson contractual alimony of

$1,000 per month for an indefinite term, to continue until terminated pursuant to the agreement. According to the agreement, there were five events that would terminate Wunderlick's alimony obligation: (1) the death of husband or wife, (2) husband's termination from Frisco Wholesale Lumber Company (FWL) without good cause by action of the board of directors, (3) substantial alteration of husband's position at FWL without good cause, (4) substantial reduction of husband's compensation without good cause by action of the board of directors of FWL, or (5) the sale of FWL. Wunderlick paid Wilson alimony of $1,000 per month for twenty years, until January 10, 2010.

On November 3, 2008, the FWL board of directors reduced the annual salaries of its officers, including Wunderlick, to $1.00 per year in response to the recession. Wunderlick is the chairman, president, treasurer and shareholder of FWL. The board also eliminated the officers' expense accounts, laid off half of the company's employees, and closed one facility. Notwithstanding the reduction in his salary, Wunderlick continued paying monthly alimony to Wilson until January 10, 2010, when he ceased making payments.

On June 15, 2010, Wilson filed suit against Wunderlick for breach of contract. Wunderlick filed an answer and separate counter-petition for declaratory relief, alleging that a termination event had occurred on November 3, 2008, and seeking recovery of alleged overpayments. Wilson filed a traditional and no-evidence motion for summary judgment, asserting that no termination event had occurred and Wunderlick had breached the agreement by failing to make the monthly alimony payments. On August 16, 2011, the trial court signed an order granting Wilson's motion for summary judgment. On September 21, 2011, the trial court signed a judgment, detailing the amount of damages and attorneys' fees awarded to Wilson, and dismissing Wunderlick's claims against Wilson. The trial court subsequently denied

Wunderlick's motion to reconsider, motion for findings of fact and conclusions of law, and motion for new trial. This appeal followed.

## II. APPLICABLE LAW

### A. *Summary Judgment Standard Of Review*

The standard for reviewing a traditional motion for summary judgment is well established. *See Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985). We review a summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007); *Kaye/Bassman Int'l Corp. v. Help Desk Now, Inc.*, 321 S.W.3d 806, 812 (Tex. App.— Dallas 2010, pet. denied). We will affirm a summary judgment if the record establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *see also Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex 1982); *Ogg v. Dillard's, Inc.*, 239 S.W.3d 409, 416 (Tex. App.—Dallas 2007, pet. denied).

When a party files a no-evidence summary judgment, the burden shifts to the non-movant to present enough evidence to raise a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *Pollard v. Hanschen*, 315 S.W.3d 636, 638 (Tex. App.—Dallas 2010, no pet.). Our inquiry focuses on whether the non-movant produced more than a scintilla of probative evidence to raise a fact issue on the challenged elements. *King Ranch*, 118 S.W.3d at 750–51; *Wal-Mart*

*Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). Evidence is no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch*, 118 S.W.3d at 750–51. We examine "the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)).

## B.   Construction Of Written Agreement

In construing a written contract, our primary concern is to ascertain and give effect to the true intentions of the parties as expressed in the agreement. *El Paso Field Services, L.P. v. MasTec North America, Inc*., 389 S.W.3d 802, 805 (Tex. 2012); *Carbona v. CH Medical, Inc*., 266 S.W.3d 675, 680 (Tex. App.—Dallas 2008, no pet.). We consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement. *Frost Nat'l Bank v. L & F Distribs., Ltd*., 165 S.W.3d 310, 312 (Tex. 2005) (per curiam); *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 55 (Tex. App.—Dallas 2006, pet. denied). "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). If we determine that the contract's language can be given a certain or definite legal meaning or interpretation, then the contract is not ambiguous and we will construe it as a matter of law. *El Paso Field Services*, 389 S.W.3d at 806. But if the contract language is susceptible to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous. *J. M. Davidson*, 128 S.W.3d at 229; *Seagull Energy E & P, Inc. v. Eland Energy, Inc*., 207 S.W.3d 342, 345 (Tex. 2006). Whether a contract is ambiguous is a question of law. *In re D. Wilson Constr. Co*., 196 S.W.3d 774, 781 (Tex. 2006)

(orig. proceeding); *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983). A court may conclude a contract is ambiguous even in the absence of such a pleading by either party. *Sage St. Assocs. v. Northdale Constr. Co*., 863 S.W.2d 438, 445 (Tex. 1993); *Hackberry Creek*, 205 S.W.3d at 56. When a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the intent of the contracting parties is an issue of fact. *Coker*, 650 S.W.2d at 394; *Hackberry Creek*, 205 S.W.3d at 56.

### III. DISCUSSION

Wunderlick argues the trial court erred in granting Wilson's motion for summary judgment because: (1) the trial court incorrectly concluded that no terminating event had occurred under the agreement, (2) the summary judgment evidence failed to conclusively establish that Wunderlick's compensation was not substantially reduced without good cause by his employer, (3) the summary judgment evidence established that Wunderlick's compensation was substantially reduced for the employer's benefit and through no fault of Wunderlick, and (4) the trial court erroneously applied the common, ordinary meaning to the contract term "good cause," instead of interpreting the term in the employment context. Wilson responds that summary judgment was properly granted. Wilson asserts the trial court correctly applied the common, ordinary meaning of "good cause" because neither the agreement nor Texas law define the term or require it be interpreted in the employment context. Wilson also argues that summary judgment evidence established that Wunderlick agreed that his compensation was substantially reduced for a good reason and therefore, Wunderlick admitted that no terminating event had occurred.

We are asked to review the agreement to ascertain whether Wunderlick's obligation to make alimony payments to Wilson was terminated. The pertinent language is as follows:

> The alimony will also terminate if the Husband is terminated in his employment with Frisco Wholesale Lumber Company without good cause by action of the

–5–

Board of Directors of such company, or if the Husband's position at Frisco Wholesale Lumber Company is substantially altered without good cause, or his compensation is substantially reduced without good cause, by action of the Board of Directors of Frisco Wholesale Lumber Company.

The parties dispute whether Wunderlick's compensation was substantially reduced without good cause. Neither party contends the agreement is ambiguous.

The agreement does not define "good cause." The trial court also did not define the term in its order granting Wilson's motion for summary judgment. Wunderlick contends that the term "good cause" must be interpreted in the employment context, based solely upon the employee's conduct. He claims that under Texas law, "good cause" is a term of art with a specific meaning in the employment context and refers us to a number of employment law cases in which courts considered whether an employee was terminated for "good cause." Wunderlick argues an employer does not have "good cause" to demote or terminate an employee when it does so for its own business reasons or because of a downturn in the economy. Although Wunderlick does not cite to any cases in which the term "good cause" was construed in the employment context in a divorce settlement agreement, he nevertheless argues that the intent of the parties to so interpret "good cause" is evident because the parties used language tying his alimony obligation to the source of his income when drafting the agreement.

In response, Wilson argues there is no legal authority for Wunderlick's position that Texas law defines and imposes a strict meaning on the term "good cause" any time the term is used. Wilson contends that because the parties did not define "good cause" within the agreement, the plain, common, and ordinary meaning of "good cause" must be applied. She asserts the plain, common, and ordinary meaning of "good cause" is synonymous with "good reason." Because Wunderlick admitted in deposition testimony that (1) his compensation was substantially reduced because of the economic downturn, and (2) the economic downturn was a good reason, Wilson argues Wunderlick admitted his compensation was substantially reduced for

good cause. Therefore, Wilson argues, Wunderlick's obligation to pay alimony was not terminated even though his compensation was substantially reduced.

We have considered the entire writing and attempted to harmonize and give effect to all the provisions by analyzing them with reference to the whole agreement. *Frost Nat'l Bank*, 165 S.W.3d at 312; *J.M. Davidson*, 128 S.W.3d at 229. If we construe "good cause" in the employment context as suggested by Wunderlick, it could mean that Wunderlick's compensation was substantially reduced <u>without</u> good cause and his obligation to make alimony payments terminated on November 3, 2008. If we give the term "good cause" its plain, common, and ordinary meaning as suggested by Wilson, the provision could be construed to mean that Wunderlick's compensation was substantially reduced <u>with</u> good cause and his obligation to make alimony payments continues. For purposes of construing a contract, "[a]mbiguity does not arise simply because the parties advance conflicting interpretations of the contract; rather, for an ambiguity to exist, both interpretations must be reasonable." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex. 2000); *see Jacobson v. DP Partners Ltd. P'ship*, 245 S.W.3d 102, 106 (Tex. App.—Dallas 2008, no pet.); *Sefzik v. Mady Dev., L.P.*, 231 S.W.3d 456, 460 (Tex. App.—Dallas 2007, no pet.).

In sum, the language in the agreement relating to whether Wunderlick's compensation was substantially reduced for "good cause" cannot be given a certain and definite meaning, and we cannot determine the true intentions of Wunderlick and Wilson from the writing itself. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011). We conclude the agreement is subject to two or more reasonable interpretations. Accordingly, the agreement is ambiguous, and a fact issue exists as to the parties' intent. *See Milner v. Milner*, 361 S.W.3d 615, 619 (Tex. 2012); *J.M. Davidson*, 128 S.W.3d at 229. The trial court therefore erred in granting summary judgment in favor of Wilson. *Coker*, 650 S.W.2d at 394; *Hackberry*

*Creek*, 205 S.W.3d at 56. We sustain Wunderlick's fourth issue, and do not reach his remaining issues. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

Having sustained Wunderlick's fourth issue, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

/David Lewis/
DAVID LEWIS
JUSTICE

111597F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES WUNDERLICK, Appellant

No. 05-11-01597-CV       V.

MARTHA JANE WILSON, Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-02410-2010.
Opinion delivered by Justice Lewis.
Justices Moseley and O'Neill participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.
      .
      It is **ORDERED** that appellant CHARLES WUNDERLICK recover his costs of this appeal from appellee MARTHA JANE WILSON.


Judgment entered this 7th day of May, 2013.


/David Lewis/
DAVID LEWIS
JUSTICE