**REVERSE and REMAND in part; AFFIRM and Opinion Filed May 4, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00058-CV**

**M. SAMEER AHMED, AS ASSIGNEE OF JTP DIAGNOSTICS LLC, AND
FRANK AMINI, Appellants
V.
BANK OF WHITTIER, N.A., Appellee**

**On Appeal from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-20-03796-C**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Smith
Opinion by Justice Smith

Appellants M. Sameer Ahmed, as assignee of JTP Diagnostics LLC, and

Frank Amini appeal from the trial court's take-nothing summary judgment entered

against them. In a single issue, appellants argue that none of the five grounds

presented by appellee Bank of Whittier, N.A., supported summary judgment. For

the reasons discussed below, we reverse the trial court's order granting summary

judgment as to Amini's causes of action for conversion and money had and received.

We otherwise affirm.

## Background and Procedural History

The Khaleeq Law Firm, PLLC, held an account at the Bank in 2018. Bilal Khaleeq, who was a defendant below but is not a party to this appeal, was the firm's sole member at the time. As part of his practice, he represented clients, including Amini, in personal injury claims. In June 2018, Governmental Employees Insurance Company (Geico) mailed two checks to Khaleeq that were payable to JTP Diagnostics, a medical provider to Khaleeq's clients. The checks were settlement payments for a personal injury suit brought by Khaleeq on behalf of a mother and daughter. The first check was for $5,688 and the second was for $6,564. Khaleeq signed the checks over to his law firm and deposited the checks in his law firm's bank account at the Bank. JTP Diagnostics did not give Khaleeq permission to indorse the checks, nor did Khaleeq pay JTP Diagnostics the money owed from the checks.

Similarly, in July 2018, Crum & Foster mailed a check to Khaleeq payable to Amini in the amount of $5,000. Amini did not sign the check or give Khaleeq permission to indorse the check. Khaleeq, however, again signed the check over to his law firm and deposited it into the firm's bank account. He did not pay Amini the money he was owed from the check.

JTP Diagnostics assigned its rights against the Bank and Khaleeq to Ahmed after Ahmed paid JTP Diagnostics at least $2,400.[1]

Appellants[2] filed suit against the Bank and Khaleeq on August 27, 2020. They alleged the following joint causes of action against the Bank: (1) negligence under section 3.404(d) of the business and commerce code, specifically that the Bank failed to exercise ordinary care in paying or taking the checks for value or collection; (2) conversion under section 3.420 of the business and commerce code; (3) substantially assisting Khaleeq in committing theft by accepting the checks for deposit; (4) money had and received; (5) substantially assisting Khaleeq in committing tortious interference by accepting the checks; and (6) unjust enrichment. As to their claim for conversion, appellants alleged that they had standing because the payees (JTP Diagnostics and Amini) received delivery of the checks through their agent—Khaleeq. Appellants also alleged claims against Khaleeq for theft, tortious interference with contract, and unjust enrichment.

Amini separately alleged causes of action against Khaleeq for breach of contract, breach of fiduciary duty, and legal malpractice. Additionally, he alleged that the Bank substantially assisted Khaleeq in breaching his fiduciary duty to Amini and in committing legal malpractice.

---

[1] Ahmed became a member of the Khaleeq Law Firm by at least September 6, 2018. JTP assigned its rights to Ahmed on June 22, 2020.

[2] We will refer to Ahmed and Amini as appellants unless an individual reference is necessary.

–3–

Khaleeq and the Bank each filed a general denial. The Bank also asserted specific denials including (1) appellants' claims were barred by the statute of limitations; (2) it did not owe any contractual, common law, or fiduciary duty to appellants; (3) there was intervening or superseding criminal acts, fraud, or breach of fiduciary duty by Khaleeq or his law firm; (4) JTP Diagnostics never received delivery or had possession of its checks and was not a client of Khaleeq; and (5) Ahmed paid JTP Diagnostics the money owed from the checks making JTP Diagnostics whole.

In its motion for summary judgment, the Bank raised similar arguments asserting it was entitled to judgment on each of appellants' claims as a matter of law:

(1) Ahmed's claims were barred by the one satisfaction rule because he paid JTP Diagnostics for its services, making it whole. Therefore, because JTP Diagnostics no longer had any claims, it could not assign any claims to Ahmed.

(2) Ahmed's claims for conversion, negligence, theft, and money had and received failed because JTP Diagnostics never received the checks directly or through an agent, as required by section 3.420(a) of the business and commerce code. Neither Khaleeq, nor his firm, was JTP Diagnostics' agent, and JTP Diagnostics was not Khaleeq's client.

(3) Appellants claims for theft, common law conversion, negligence, malpractice, tortious interference, money had and received, and unjust enrichment were barred by a two-year statute of limitations under section 16.003 of the Texas Civil Practice & Remedies Code. Appellants' claims accrued when Khaleeq deposited the checks on July 10, 2018; July 11, 2018; and August 2, 2018. Appellants did not file suit until August 27, 2020. Moreover, appellants did not plead the discovery rule to toll accrual and, even if they had, there was no evidence that the bank fraudulently concealed the deposits.

(4) Amini's claims for substantially assisting Khaleeq in committing breach of fiduciary duty and legal malpractice failed because the Bank owed no fiduciary duty to Amini and did not know of Amini's relationship with Khaleeq or the law firm, the source or purpose of the checks, the debts of the law firm, or any wrongdoing by Khaleeq in handling the checks. Amini was a stranger to the Bank.

(5) Appellants' negligence claim under section 3.404 of the business and commerce code failed because the case did not involve an imposter or fictitious payee and neither appellant issued the checks. Furthermore, appellants were not customers of the Bank and did not otherwise have a relationship with the Bank; therefore, the Bank owed no legal obligation or duty to appellants regarding the checks.

In support of its motion, the Bank attached documentary evidence and affidavits from two tellers and the acting branch manager, who was the business development manager at the time the checks were deposited, showing:

- the Khaleeq Law Firm held an account at the Bank and signed a deposit agreement warranting the genuineness of all endorsements on its deposits and authorizing the Bank to supply any missing endorsements

- the three checks were deposited into the Khaleeq Law Firm account, not any individual account

- Khaleeq pleaded guilty to conspiracy to commit marriage fraud and was convicted on July 9, 2018

- Khaleeq was disbarred in July 2019, approximately a year after he deposited the checks

- the Bank honored the deposit agreement and deposited the checks

- the Bank had no knowledge about Khaleeq's or his firm's relationship with Ahmed, JTP Diagnostics, or Amini

- the Bank itself had no relationship with Ahmed, JTP Diagnostics, or Amini

- JTP Diagnostics was not Khaleeq's, or his firm's, client

- Ahmed's attorney sent the Bank a letter stating Ahmed had paid JTP Diagnostics for their services and settled all invoices

Appellants filed a first supplemental petition alleging that the discovery rule applied to their claims of legal malpractice and tortious interference with contract. They contended that the statute of limitations did not begin to run until they knew or should have known of the underlying facts, which did not occur until less than two years before they filed suit. In their summary judgment response, they contested each of the Bank's five grounds arguing:

(1) The one satisfaction rule was not implicated because Ahmed, as the holder of JTP Diagnostics' claims, had not received any satisfaction.

(2) Khaleeq was acting as JTP Diagnostics' agent pursuant to letters of protection when he took delivery of the two checks.

(3) Appellants' claims for conversion and money had and received were filed within the three-year statute of limitations under section 3.118(g) of the business and commerce code and, thus, not barred by limitations. Appellants' legal malpractice and tortious interference claims were subject to the discovery rule, and appellants did not know, or should not have known, about the deposited checks until October 9, 2018, when Khaleeq's license was suspended.

(4) The Bank had sufficient knowledge of Khaleeq's breaches of fiduciary duty to expose it to liability under section 3.307(b)(2) of the business and commerce code because it knew he was depositing checks into his law firm account and, therefore, knew he owed a fiduciary duty to somebody with respect to those funds and knew the funds were being deposited for his personal benefit. The Bank also knew the source and purpose of the checks because the insurance company and "In Payment of Personal Injury Protection" or "Medical payment benefits for" was written on the face of the checks, and it knew Khaleeq was not a named payee.

(5) Alternatively, if Khaleeq was not acting as an agent, he was acting as an imposter inducing the issuance of the checks by pretending to be someone

authorized to act for appellants and thereby exposing the Bank to liability under section 3.404.

After conducting a hearing and overruling the Bank's objections to appellants' summary judgment response evidence, the trial court granted summary judgment in favor of the Bank and severed appellants' claims against Khaleeq. This appeal ensued. Because the trial court's order did not specify the grounds on which it granted summary judgment, appellants present each of the five grounds for our review on appeal.

## Summary Judgment Standard of Review

We review a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019). A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact. *Lujan*, 555 S.W.3d at 84. We take evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019).

"A defendant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex.

2010). Where, as here, the movant asserts multiple grounds for summary judgment, but the trial court does not specify the grounds on which it granted the motion, the appellate court must affirm the summary judgment if any of the grounds on which the judgment was sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

**Statute of Limitations**

We will first determine whether appellants filed each of their causes of action against the Bank within the statute of limitations. Appellants jointly made claims for negligence, conversion, money had and received, unjust enrichment, and substantially assisting Khaleeq in committing theft and tortious interference with a contract. Amini also claimed the Bank substantially assisted Khaleeq in breaching his fiduciary duty to Amini and committing legal malpractice. Except for Amini's breach of fiduciary claim, the Bank argued that each of appellants' claims were barred by a two-year statute of limitations.

We begin with appellants' claims for conversion and money had and received. Appellants' original petition alleged the Bank was liable for conversion and money had and received under the business and commerce code. *See* TEX. BUS. & COM. CODE ANN. § 3.420 (Conversion of Instrument). Appellants did not plead claims for common law conversion and money had and received. Although the statute of limitations for common law conversion and money had and received is two years

under section 16.003 of the Texas Civil Practice and Remedies Code,[3] when a negotiable instrument is involved, claims for conversion and money had and received are governed by section 3.118(g) of the business and commerce code. *Yazdchi v. Wells Fargo Bank, NA*, No. 01-18-01023-CV, 2020 WL 3820885, at *7 (Tex. App.—Houston [1st Dist.] July 7, 2020, no pet.) (mem. op.); *see also* TEX. BUS. & COM. CODE ANN. § 3.118 cmt. (due to its particularity, the statute of limitations provision of section 3.118 supersedes the general limitations provision of section 16.003). The business and commerce code provides that "an action for conversion of an instrument, an action for money had and received, or like action based on conversion" must be brought within three years after the cause of action accrues. TEX. BUS. & COM. CODE ANN. § 3.118(g)(1). A cause of action accrues when the checks are deposited. *Yazdchi v. Wash. Mut.*, No. 14-04-00639, 2005 WL 2276886, at *3 (Tex. App.—Houston [14th Dist.] Sept. 20, 2005, no pet.) (mem. op). Here, the three checks were deposited on July 10, 2018; July 11, 2018; and August 2, 2018. The statute of limitations would, therefore, have expired on July 10, 2021; July 11, 2021; and August 2, 2021, respectively. Appellants filed suit on August 27, 2020, well within the three-year statute of limitations for claims for conversion and money had and received brought under the business and commerce code. Thus, the Bank did not conclusively prove that appellants' claims against the

---

[3] *See Pollard v. Hanschen*, 315 S.W.3d 636, 641 (Tex. App.—Dallas 2010, no pet.).

Bank for conversion and for money had and received were barred under the applicable statute of limitations.

The Bank argued that appellants' remaining claims—negligence, theft, tortious interference, unjust enrichment, and legal malpractice—were barred by a two-year statute of limitations under section 16.003 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (providing a person must bring suit for taking or detaining the personal property of another not later than two years after the cause of action accrues). Appellants did not dispute that the two-year statute of limitations applied to each of those claims; however, they argued that the discovery rule applied to their claims for legal malpractice and tortious interference and that the statute of limitations did not begin to run until October 2018, when Khaleeq was suspended from the practice of law.

Relying on *Southwest Bank & Trust Co. v. Bankers Commercial Life Insurance Co.*, 563 S.W.2d 329 (Tex. App.—Dallas 1978, writ ref'd n.r.e.), the Bank argued that the discovery rule did not apply because the Bank did not fraudulently conceal the transactions from appellants. In *Southwest Bank & Trust Co.*, we considered whether the discovery rule should be extended to suits concerning commercial papers. 563 S.W.2d 329, 331. We concluded that the bank's actions allowing the checks to be deposited were reasonably susceptible to discovery within the limitations period and, thus, the discovery rule does not apply to toll the statute

of limitations when a bank is sued for conversion on a forged endorsement unless there is proof of the bank's fraudulent concealment of the transaction. *Id.* at 331–32. The Bank, therefore, conclusively negated appellants' reliance on the discovery rule to toll the two-year statute of limitations for appellants' tortious interference claim and Amini's legal malpractice claim by establishing that such claims were grounded in a commercial paper context and, thus, the discovery rule did not apply unless there was evidence of fraud by the Bank, which it alleged did not exist here. *See id.* Appellants offered no evidence of fraudulent concealment by the Bank in their response motion.

Therefore, the Bank conclusively established its affirmative defense of limitations as to appellants' claims for negligence, theft, unjust enrichment, and tortious interference with a contract, as well as Amini's claim for legal malpractice. The trial court did not err when it entered summary judgment against appellants on these claims.

Because we have concluded that summary judgment on appellants' negligence claim under section 3.404 is supported by the Bank's ground asserting the affirmative defense of the statute of limitations, we pretermit our review of ground five in which the Bank argued section 3.404 does not apply to the facts of this case. *See* TEX. R. APP. P. 47.1.

## Delivery of Checks

We next turn to Ahmed's two remaining claims—conversion and money had and received. The Bank argued that, because Geico mailed the two JTP Diagnostics checks directly to Khaleeq, JTP Diagnostics never received delivery of its two checks and, thus, was not a holder. Therefore, Ahmed, as assignee, could not bring suit against the Bank for conversion and money had and received.

Section 3.420(a)(2) provides that "an action for conversion of an instrument may not be brought by . . . a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee." TEX. BUS. & COM. CODE ANN. § 3.420(a)(2). Ahmed responded that Khaleeq was JTP Diagnostics' agent through letters of protection. We disagree.

Two essential elements of an agency relationship are (1) the agent's authority to act on the principal's behalf and (2) the principal's right to control the agent. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 589 (Tex. 2017). The summary judgment evidence shows that the Khaleeq Law Firm sent two letters of protection to Prime, which was the name that particular location of JTP Diagnostics was operating under at the time. Each letter stated that the firm agreed to pay Prime "all outstanding medical expenses for [the client]'s injury-related treatment directly out of any settlement proceeds or payment resulting from a jury verdict" and, as consideration, Prime would refrain from taking any collection action on outstanding

–12–

medical bills while the case was pending. Nothing in the language of these letters establishes an agency relationship between JTP Diagnostics and the Khaleeq Law Firm. The letters do not authorize Khaleeq to act on JTP Diagnostics' behalf. Instead, the letters convey a promise to pay JTP Diagnostics out of future settlement funds. Appellants do not direct us to, nor have we found, any case in which a court has held that a letter of protection created an agency relationship. Therefore, Ahmed failed to raise a genuine issue of material fact as to whether JTP Diagnostics was a holder of the checks and could bring a claim for conversion or money had and received against the Bank. *See* TEX. BUS. & COM. CODE ANN. § 3.420(a)(2); *Miller-Rogaska, Inc. v. Bank One, Texas, N.A.*, 931 S.W.2d 655, 660–63 (Tex. App.—Dallas 1996, no writ) (affirming take-nothing summary judgment in favor of the bank on claims of conversion and money had and received where payee did not receive delivery of checks and, thus, was not a holder). The trial court did not err in granting the Bank's motion for summary judgment as to Ahmed's claims for conversion and money had and received.

Because we have concluded that the trial court did not err in granting summary judgment against Ahmed on each of his claims regarding the checks payable to JTP Diagnostics, either due to lack of delivery or the statute of limitations, we pretermit our review of whether the Bank conclusively established that Ahmed's claims were barred by the one satisfaction rule. *See* TEX. R. APP. P. 47.1.

The Bank, however, did not challenge whether Amini, as Khaleeq's client, received delivery of his check and could bring suit against the Bank for conversion or money had and received, nor did the Bank raise any other summary judgment ground that would defeat Amini's claims for conversion and money had and received. Therefore, the trial court erred when it granted summary judgment on Amini's claims against the Bank for conversion and money had and received. We sustain appellants' issue on appeal as to those two claims.

### Knowledge of a Fiduciary Duty

As to Amini's remaining claim that the Bank substantially assisted Khaleeq in breaching his fiduciary duty to Amini by depositing Amini's check into the law firm's bank account without Amini's permission, the Bank argued it had no knowledge of Khaleeq's or his law firm's relationship with, or duty to, Amini. Additionally, the Bank argued in its reply motion that Texas has not recognized a claim for assisting or aiding another's fiduciary breach.

In *Hill v. Keliher*, this Court recently explained the following:

> As for aiding and abetting, the Texas Supreme Court "has not expressly decided whether Texas recognizes a cause of action for aiding and abetting," *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017), and the Fifth Circuit has stated that "no such claim exists in Texas." *In re DePuy Orthopaedics, Inc.*, 888 F.3d 753, 782 (5th Cir. 2018).

No. 05-20-00644-CV, 2022 WL 213978, at *10 (Tex. App.—Dallas Jan. 25, 2022, pet. filed) (mem. op.).

–14–

Moreover, section 3.307 does not set out a separate cause of action for assisting in committing a fiduciary breach. *See* TEX. BUS. & COM. CODE ANN. § 3.307; *In re Conex Holdings, LLC*, 514 B.R. 405, 415 (Bankr. D. Del. 2014) (mem. op.) (section 3.307 does not appear to provide for a breach of fiduciary claim). *But see*, *Quilling v. Compass Bank*, No. 3:03-CV-2180-R, 2004 WL 2093117, *7–8, *8 n.19 (N.D. Tex. Sept. 17, 2004) (unpublished mem. op. and order) (determining whether bank had notice of breach of fiduciary duty under section 3.307 to support claim for aiding and abetting and noting that, although Texas courts had not recognized such a claim, Texas courts have recognized that one who "knowingly aids and assists in the breach" is considered a joint tortfeasor and is liable for the breach). Instead, section 3.307 sets out the requirements for determining when "the taker" of an instrument from a fiduciary has notice that a breach of fiduciary duty occurred as a result of the transaction. TEX. BUS. & COM. CODE ANN. § 3.307 cmt. 1. If the taker has notice of the breach, it cannot claim it is a holder in due course in defense to a claim under section 3.306.[4] *Id.* cmt. 2. In order for the specific notice rules to be implicated regarding an instrument payable to the represented person (here Amini), three requirements must be met: (1) the instrument must be taken from

---

[4] Section 3.306 provides:

A person taking an instrument, other than a person having rights of a holder in due course, is subject to a claim of a property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds. A person having rights of a holder in due course takes free of the claim to the instrument.

TEX. BUS. & COM. CODE ANN. § 3.306.

a fiduciary for payment, collection, or for value; (2) the taker must have knowledge of the fiduciary status of the fiduciary; and (3) the represented person must make a claim to the instrument or its proceeds on the basis that the transaction of the fiduciary is a breach of fiduciary duty. TEX. BUS. & COM. CODE ANN. § 3.307(b).

Even assuming section 3.307 gives rise to a cause of action for assisting another in committing breach of fiduciary duty, there is no evidence that the Bank, as the taker, had knowledge of the fiduciary status of Khaleeq. Although Khaleeq was a community member and active customer of the Bank and although the Bank knew Khaleeq was an attorney and, thus, as appellants argue, a fiduciary to someone, there is no evidence that the Bank knew Amini was Khaleeq's client. Without knowledge that Amini was Khaleeq's client, the Bank could not know that Khaleeq had a fiduciary duty to Amini.

The affidavit testimony of the three Bank employees established that the Bank did not know Amini, did not know Amini's relationship to Khaleeq or his law firm, and did not know Khaleeq was committing any wrongdoing by depositing the checks into his law firm's account. Appellants' response that the Bank knew Khaleeq was a lawyer, knew the check was for medical payment benefits for Amini, and knew Khaleeq was depositing the check into his firm's account failed to raise a genuine issue of material fact as to whether the Bank knew Amini was Khaleeq's client and that a fiduciary relationship existed. Therefore, the trial court did not err in granting

–16–

the Bank's summary judgment as to Amini's claim for substantially assisting Khaleeq in committing breach of a fiduciary duty.

## Conclusion

Having concluded that the Bank failed to establish it was entitled to judgment as a matter of law on Amini's claims against it for conversion and money had and received, we reverse the take-nothing judgment against Amini on those claims. We otherwise affirm the trial court's judgment.

We remand this cause to the trial court for further proceedings consistent with this opinion.

/Craig Smith/
CRAIG SMITH
JUSTICE

210058F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

M. SAMEER AHMED, AS
ASSIGNEE OF JTP DIAGNOSTICS
LLC, AND FRANK AMINI,
Appellants

No. 05-21-00058-CV     V.

BANK OF WHITTIER, N.A,
Appellee

On Appeal from the County Court at
Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-20-03796-
C.
Opinion delivered by Justice Smith.
Justices Molberg and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment granting summary judgment against appellant Frank Amini as to his causes of action against appellee Bank of Whittier, N.A. for conversion and money had and received. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear their own costs of this appeal.

Judgment entered this 4th day of May 2022.